In the Matter of the Application of KERWIN H. FULTON, as Substitute Trustee under the Last Will and Testament of ALEXANDER CLARK, Deceased, Petitioner for the Appointment of Persons to Appraise the Value of the Shares of Stock Held by the Petitioner in VAN BEUREN AND NEW YORK BILLPOSTING COMPANY, Respondent.

Supreme Court, New York County, November 23, 1927.

**Corporations — sale of corporate property — appraisal of preferred stock of non-consenting stockholder under Stock Corporation Law, §§ 20, 21 — in determining value, accumulated surplus is to be taken into consideration.**

In appraising the preferred stock of a non-consenting stockholder, under sections 20 and 21 of the Stock Corporation Law, following the sale of the assets of the corporation, the appraisers, in determining the value of the stock, have the right to take into consideration accumulated surplus. The contention that the accumulated surplus, which might have been used to declare dividends on the common stock, should not be considered in fixing the value of the preferred stock, cannot be sustained.

APPLICATION for an order modifying the appraisement of the value of corporate stock made under sections 20 and 21 of the Stock Corporation Law.

*Greene & Hurd [John L. Feeny of counsel], for the motion.*

*Lester L. Callan, opposed.*

McGOLDRICK, J. This is an application for an order modifying appraisement of the value of petitioner's 481 shares of preferred stock in the Van Beuren and New York Billposting Company by reducing the appraisal from $238.15 per share to $100 per share.

This company was organized in 1905 as a New York corporation to do an advertising business. The authorized capital stock consisted of 4,942 shares of the par value of $100, the stock being

divided one-half preferred and one-half common stock. The sole preference in the certificate of incorporation as to the preferred stock is as follows: " The preferred stock shall be entitled in preference to the common stock to cumulative dividends at the rate of six per cent yearly, payable monthly out of the surplus profits of the corporation, as provided by the laws of the State of New York, and dividends shall not be paid on the common stock except when all dividends to which the preferred stock is entitled at full rate to date, are paid or set apart for payment. All *dividends* which may be declared over and above six per cent cumulative dividends, to which the said preferred stock shall be entitled shall be paid to the holders of the common stock."

Dividends of six per cent per annum were paid every year on the preferred stock. Dividends were paid in almost every year on the common stock.

On January 23, 1925, a plan and deposit agreement was entered into for the acquisition of the properties, good will and businesses of various advertising companies, including the Van Beuren Company. Under this merger all of the outstanding shares of the Van Beuren and New York Billposting Company, except 481 shares of the preferred stock owned by this petitioner, were deposited. This merger agreement had been declared operative and was consummated in February, 1925. A new company, General Outdoor Advertising Co., Inc., organized pursuant to the agreement, issued its stock to the stockholders of the Van Beuren Company in exchange for the Van Beuren stock deposited under the agreement. On March 18, 1926, the General Outdoor Advertising Co., Inc., the holding company of the stock, with the exception of the petitioner's shares, offered to purchase from the Van Beuren Company " all the property, rights, privileges and franchises of your company including the good will and business of your company as a going concern." It agreed in consideration therefor to deliver certain shares of the purchasing company to the selling company. The proposal was accepted by the stockholders of the Van Beuren Company at a meeting held April 7, 1926, with only the petitioner voting shares held by him against the proposition. Subsequently the stockholders of the Van Beuren Company transferred its assets to the purchasing company, and received the stock of the purchasing company, whereupon a proceeding was brought under sections 20 and 21 of the Stock Corporation Law to appraise the stock held by the petitioner as of the time of the dissent. Appraisers were duly appointed by the court and the net worth of the company was found to be at the time of the dissent $1,176,937.75. It was also found that there were outstanding 4,942 shares, of which this

petitioner owned 481, and that the value of each share was $238.15. The contention of the objector to this report and appraisal is that, because the directors did not declare part of the net earnings as dividends on the common stock and instead credited the undistributed annual profits in each year to surplus, this surplus fund having been withheld from the common stockholders should not have been considered as part of the assets of the corporation to which preferred stockholders were entitled. This surplus is substantial and amounts to $682,737.95. It contends that petitioner's stock should be valued, based solely on the fact that it would only be entitled to dividends at the rate of six per cent per annum and, therefore, not worth more than $100 per share. With this contention I am unable to agree. The sale gave to the non-consenting stockholder who did not care to join the new corporation the right to the aliquot part of the assets of the old corporation. (*Murrin v. Archbald Consolidated Coal Co.*, 196 App. Div. 107, 112, 113; affd., 232 N. Y. 541.)

The further contention that the sale of the assets was not a dissolution of the Van Beuren Company is without merit, for it has been held that " this is a practical dissolution of the first corporation." (*Murrin v. Archbald Consolidated Coal Co.*, 232 N. Y. 541; *Matter of Timmis*, 200 id. 177; *Matter of Drosnes*, 187 App. Div. 425; *People v. Ballard*, 134 N. Y. 269; *Cole v. Wells*, 224 Mass. 504.)

The only preference that was granted to the preferred stockholders in this corporation as provided for in its charter was as to dividends. There was no preference *on dissolution.* " The rights of the common and preferred stockholders * * * *inter sese* are to be determined by the organization agreement * * *." (*Continental Ins. Co. v. U. S.*, 259 U. S. 156, 177.) In the *Continental Ins. Co. Case* (*supra*) a dissolution of the corporation was forced by the government and a distribution of its assets as they were found at the time of the liquidation was directed. There were two kinds of preferred stock, also a common stock. A large surplus was left after payment of debts and after providing for the par value of all the stock. The question was how this surplus should be then divided under liquidation as between preferred and common stock. The common stock claimed this surplus as all the preferred dividends had theretofore been paid. In that case Chief Justice TAFT, in speaking of the point raised that the directors had the power to pay out all the surplus moneys as dividends and, therefore, the money rightfully belonged to the common stockholders, even though not so paid out, said (p. 180): " The failure of the Board to exercise it, and the application of the earnings to surplus determine such earnings to be assets as of the time of the

compulsory winding up and liquidation of the corporation. The power to declare dividends not exercised can have no more effect upon the rights of the preferred stockholders to share in the existing assets of the corporation when liquidated than the failure of the company to convert preferred stock into common, or to redeem the preferred stock at par. The proper interpretation of the agreement is that, after the ·declaration of dividends for any current year, the undivided earnings are to be regarded as capital assets and to be distributed on liquidation, unless the Board of Directors has meantime applied them as dividends. If the argument of the appellants were carried to its logical result, all the net earnings of the Reading Company in twenty-five years no matter how invested or applied to increasing the earning capital, must in a liquidation be treated as undistributed profits to go entirely to the common stock without any action of the Board of Directors. This is impossible."

And further (p. 181): " Our conclusion that the claim on behalf of the common stockholders is invalid is based on the construction of the words of the agreement itself and hardly needs authority to sustain it. It is, however, in accord with the general common-law rule that stockholders common and preferred share alike in the assets of a liquidating corporation, if the preference is only as to dividends."

In view of the foregoing, I cannot see any essential difference between this and *Continental Ins. Co.* v. *U. S.* (*supra*). My conclusion is that the report of the appraisers must be and is confirmed.

Motion to modify is denied. Settle order on notice.